**In re Arlyn BENTSON and Elinor Bentson, Debtors.**

**Bankruptcy No. 4–87–512.**

United States Bankruptcy Court, D. Minnesota.

June 1, 1987.

Fred Hendrickson, Hendrickson Law Office, Sioux Falls, S.D., for debtor/defendant.

C. Thomas Wilson, Gislason, Dosland, Hunter & Malecki, New Ulm, Minn., for Federal Land Bank.

Valdis A. Silins, Petersen, Tews & Squires, P.A., Minneapolis, Minn., for Norwest Bank Worthington.

## ORDER

MARGARET A. MAHONEY, Bankruptcy Judge.

This matter came on for hearing before me on the motion of the debtors to extend the time for filing an amended chapter 12 plan and to obtain an order clarifying or amending my order of May 11, 1987, denying confirmation of debtors' chapter 12 plan.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and Local Rule 103(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O).

I orally denied debtors' motion to clarify and reconsider my order of May 11, 1987. The findings and conclusions were made on the record pursuant to Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.

The issue of whether a chapter 12 debtor should be able to file another plan of reorganization after denial of confirmation of one plan is a case of first impression in this district and I can find no reported cases from other districts.

In this case the debtors filed their original plan within the required 90 day time limit. 11 U.S.C. § 1221 (1987). A confirmation hearing was held and confirmation of the plan was denied on May 11, 1987. This case was filed 142 days ago on January 9, 1987.

11 U.S.C. § 1221 requires a debtor to file "a plan" within 90 days after the order for relief is entered in his/her case. 11 U.S.C. § 1223 allows a debtor to modify a plan "at any time before confirmation". The Code does not establish requirements for the filing of additional plans upon denial of confirmation of any plan.

The Code does seem to contemplate the possibility that a motion to extend the time to file a new plan might be made however. 11 U.S.C. § 1208 entitled "Conversion or dismissal" at Section (c)(5) allows dismissal of a case if there has been "denial of confirmation of a plan under section 1225 of this title and *denial of a request made for additional time for filing another plan* or a modification of a plan." (Emphasis added).

The legislative history in regard to this issue is sparse. It consists of the remarks of Senator Grassley, one of the sponsors of the Bankruptcy Judges, United States Trustees and Family Farmer Bankruptcy Act of 1986 (P.L. 99-554), about the bill:

"Importantly, the new subtitle [chapter 12] ensures that the bankruptcy system will not be abused. Earlier versions of the new chapter allowed a farmer-debtor 240 days to file a plan. During this time collateral could deteriorate without the promise of a confirmable reorganization plan. To address this problem, the exclusive period has been reduced to 90 days in the conference approved bill.

If time limits are not met, the case will be dismissed and cannot be refiled. This

will be a powerful incentive to get these cases moving, rather than languishing in the courts.... (Parentheses added) 123 Cong.Rec. S15075 (daily ed. Oct. 3, 1986) (statement of Sen. Grassley).

There are two competing interests involved here. The Family Farmer Act was passed to allow family farmers "a fighting chance to reorganize their debts." *Id.* at S15075. The Act was also structured to require debtors to speedily confirm a plan of reorganization.

 The statement in § 1208(c)(5) indicates that a motion to extend the time for filing a new plan is a proper motion in a chapter 12 case. What is not clear is when it is proper. In light of the competing interests of speed and the chance to reorganize which the legislative history indicates Congress considered, motions to extend the time to file a new plan may be granted, but not routinely. Chapter 12 cases are clearly not to become Chapter 11 like proceedings.

Therefore, the following types of factors should be considered in determining whether an extension of time to file a new plan should be granted and how long an extension should be granted: when the first chapter 12 plan was filed, how comprehensive and complete the first plan was, the reasons for denial of confirmation of the first plan, the likelihood of successful confirmation of a new plan, and how long an extension is requested.

A debtor will be required to make a good faith effort to file a confirmable plan in the first instance. A motion to extend the time to file a plan will not be granted where an initial plan was a halfhearted effort or obviously only a negotiating tool. A debtor's cash flow projections for the initial plan must also have made a prima facie showing that reorganization is possible. Chapter 12 will not be used as a delay technique.

In this case, debtors' initial plan was inadequate. The real estate valuation was not even close to accurate. The inter-

est rates proposed to be paid to several secured creditors were not accurate. There are unresolved issues involving possible fraudulent transfers/preferences which appear to have some substance.[1] The plan did not deal with them.

I do not find that the initial plan as proposed by debtors was nearly as comprehensive or accurate as an initial chapter 12 plan should be to allow extension of the time to file another plan. However, the case law and practice in this district are not fully known to all counsel yet and some of the problems with debtors' plan and confirmation hearing were attributable to their counsel not being aware of Minnesota case law and procedure. I will therefore allow an extension in this case of two weeks to file another plan.

IT IS HEREBY ORDERED that:

1. The motion of debtors for amendment, clarification and/or for reconsideration of my order of May 11, 1987, is denied.

2. The debtors' motion to extend the time to file another plan of reorganization is granted.

3. Debtors may file another plan of reorganization no later than 14 days from the date of this order.

---

1. In cases where fraudulent transfer, preference issues, lien avoidance issues or other matters requiring commencement of adversary proceedings are involved, plans should contain alternative treatments for creditors based on the possible outcomes of a later determination of these issues.