**In re Robert NOVAK & Cathleen Novak, Debtors.**

**Bankruptcy No. 088–81089–21.**

United States Bankruptcy Court, E.D. New York.

Jan. 19, 1989.

Robert Novak, Riverhead, N.Y., debtor, pro se.

Solomon & Siris, Garden City, N.Y. by Lewis J. Solomon, for Frank A. Scappaticci, d/b/a Corporate Financing.

OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

Frank A. Scappaticci, d/b/a Corporate Financing ("Corporate"), a secured creditor, is moving pursuant to 11 U.S.C. § 362(d) for an order vacating the automatic stay imposed when the debtor filed for relief under Chapter 12 on November 17, 1988. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a

core proceeding under 28 U.S.C. § 157(b)(2)(G).

Corporate holds a second mortgage on the debtors' residence, a one family dwelling located at 118 South Bay Avenue, Brightwaters, New York, and requests an order lifting the automatic stay so it may commence foreclosure proceedings. The debtors oppose this motion.

When the debtors filed they were six months in arrears on Corporate's mortgage; they have paid nothing on the mortgage since they filed and apparently plan to pay nothing except pursuant to what is provided for in their Chapter 12 Plan which has not yet been filed and need not be filed until February 15, 1989 by which time the debtors will be nine months in arrears.

The movant's papers, in passing, question the debtors' right to file under Chapter 12 because the debtors' business "does not meet the definition of 'farming operation' in Sec. 101(20) and that the Debtors do not meet the definition of either 'family farmer' (Sec. 101(181) [sic] or 'farmer' (Sec. 101(191)) [sic]," but he does not seek a dismissal on these grounds. The Court, therefore, is expressing no opinion on whether or not the debtors qualify for relief under Chapter 12. On December 1, 1980, the debtors received a discharge of their debts under Chapter 7; two corporations owned by them are now also in Chapter 12, one of which previously received relief under Chapter 11 in 1979 (Case No. 79-1426-B).

At a hearing held before this Court on January 10, 1989, the movant was adamant that his request for relief from the stay was based solely on "cause." Section 362(d)(1) provides that the court shall grant relief from stay "for cause." Section 362(d)(1) reads, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; ...

Corporate's theory is that a failure to pay post-petition mortgage payments is, standing alone, sufficient cause for relief from stay under Chapter 12. No authority was cited to support this position. Because Corporate took that position no facts were alleged other than that the post-petition mortgage payments have not been made.

The property in question is described in the debtors' petition as a one family dwelling, encumbered by three mortgages: a first mortgage held by Citibank in the amount of $30,000; a second mortgage held by the movant for $130,000; and a third mortgage, a disaster loan made by the SBA to one of the debtors' wholly owned farming corporations secured by a mortgage in the amount of $5,352. These encumbrances total $165,352. The debtors' petition values the property at $260,000. The house is the primary residence of the debtor Cathleen Novak and other members of her family and not of Robert Novak.

Whether or not a default in post-petition mortgage payments is sufficient cause in Chapter 12 for lifting the automatic stay is not a settled question. There are significant differences between Chapter 12 and other chapters of the Code. One is that the provisions regarding adequate protection, Section 361, is inapplicable (§ 1205(a)) and is replaced by Section 1205(b) which provides various specific mechanisms by which adequate protection is to be provided where required.

Unlike Chapter 13, Chapter 12 does not contain a prohibition against alteration of the rights of a holder of a security interest in the debtor's primary residence. *Compare* 11 U.S.C. § 1222(b)(2) and 11 U.S.C. § 1322(b)(2). The prohibition against altering the rights of a mortgage holding a security interest in the debtors' residence goes far to explain why in Chapter 13 post-petition mortgage defaults automatically lead to vacating the automatic stay. Absent any similar prohibition in Chapter 12, a Chapter 12 Plan can qualify for confirmation if it satisfies § 1225(a)(5).

There is no explicit or implicit requirement that the plan payments duplicate the

payments called for by the mortgage. Some of the plan provisions allowed are:

1222(b) Subject to subsections (a) and (c) of this section, the plan may—

\* \* \* \* \* \*

(2) modify the rights of holders of secured claims, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

(3) provide for the curing or waiving of any default;

\* \* \* \* \* \*

(5) provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

\* \* \* \* \* \*

(9) provide for payment of allowed secured claims consistent with section 1225(a)(5) of this title, over a period exceeding the period permitted under section 1222(c).

The Code allows a Chapter 12 debtor ninety days in which to file a plan. 11 U.S.C. § 1221. The legislative history to § 1205 indicates that Congress wanted to give the family farmer time to devote his attention to the plan, time in which he would not be diverted by satellite litigation. Joint Explanatory Statement of the Committee of the Conference for the 1986 Act, H.R.Rep. No. 958, 99th Cong., 2d Sess. 49–50, 1986, U.S.Code Cong. & Admin. News, p. 5227. Absent proof that a creditor is being prejudiced by the lapse of time it appears to be consistent with the legislative intention to continue the stay for the ninety days needed to formulate a plan.

In the instant case the plan is due to be filed within a month. The only information available to the Court is that there is a substantial equity in the property which, if true, means that no prejudice will be done to the movant if the stay is continued despite the failure to make mortgage payments for the full ninety days. Should a Plan not be timely filed or should it fail to satisfy § 1225(a)(5), it seems likely that the movant will be entitled to relief from the Section 362 stay but his present motion is premature. Section 362 is intended to give a debtor time to evaluate the situation and propose a plan. There is nothing before the Court which would justify the Court in reducing the time of the debtors to do so from the ninety days given them by Congress.

The motion to lift the stay is denied without prejudice to its renewal.