934 F.2d 401
 Bankr. L. Rep. P 74,037
In re Robert NOVAK and Cathleen Novak, Plaintiffs-Appellants,
v.
Marianne DeROSA, Esq., Lewis Solomon, Esq. and United States
Trustee for the Eastern District of New York,
Philip Irwin Aaron, Defendants-Appellees.
 No. 331, Docket 90-5025.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 10, 1990.
Decided May 15, 1991.
Opinion Filed June 3, 1991.
 
 Robert Novak, Cathleen Novak, pro se.
 Christine H. Black (Neal S. Mann, Garden City, N.Y., of counsel), for defendants-appellees.
 Before MAHONEY and WALKER, Circuit Judges, and LEVAL, District Judge.*
 MAHONEY, Circuit Judge:
 
 
 1
 This is an appeal from an order of the United States District Court for the Eastern District of New York, Reena Raggi, Judge, entered April 10, 1990 that affirmed an order of the United States Bankruptcy Court for the Eastern District of New York, Cecelia H. Goetz, Judge, entered December 19, 1989. The bankruptcy court order dismissed a chapter 12 bankruptcy petition filed by appellants Robert and Cathleen Novak because of their delay in violation of 11 U.S.C. Sec. 1208(c) (1988).
 
 
 2
 We affirmed by order entered May 15, 1991, noting that this opinion would follow.
 
 Background
 
 3
 The Novaks and their wholly owned companies, Novak's Tropical Aviary Corporation ("NTA") and Wildlife Center, Inc. ("Wildlife"), all filed chapter 12 bankruptcy petitions in 1988. Only the Novaks' case is before this court. The Novaks are proceeding pro se, but have some familiarity with bankruptcy, having filed under chapter 7 in 1980.
 
 
 4
 The Novaks filed the instant chapter 12 bankruptcy petition on November 17, 1988. On January 19, 1989, the bankruptcy court denied a creditor's application for relief from the automatic stay imposed by 11 U.S.C. Sec. 362(a) (1988) because the ninety days provided to the Novaks by 11 U.S.C. Sec. 1221 (1988) in which to file a plan of reorganization had not yet expired. See In re Novak, 95 B.R. 24, 26 (Bankr.E.D.N.Y.1989). The Novaks filed their initial plan of reorganization on February 14, 1989. After a hearing, the bankruptcy court denied confirmation of the plan on April 14, 1989 without prejudice to the filing of an amended plan. See In re Novak, 102 B.R. 22 (Bankr.E.D.N.Y.1989). The bankruptcy court did not specify a date by which the Novaks were required to file an amended plan.
 
 
 5
 The court's opinion denying confirmation of the initial plan explained that that plan was not feasible because: (1) it did not satisfy the requirement of 11 U.S.C. Sec. 1225(a)(4) (1988) that there be distributed to each unsecured claim at least the amount that would be paid thereon in a chapter 7 liquidation, see id. at 23 & n. 1; and (2) it relied upon income to be received from NTA and Wildlife, both of which were in chapter 12 and had not yet confirmed a plan, see id. at 24-25. On August 3, 1989, the bankruptcy court granted a creditor relief from the section 362 stay because of the Novaks' delay in securing confirmation of a plan, and sharply criticized the Novaks for their delay. See In re Novak, 103 B.R. 403, 411-15 (Bankr.E.D.N.Y.1989).
 
 
 6
 On October 12, 1989, the bankruptcy court sua sponte issued an order to show cause why the Novaks' petition should not be dismissed, scheduling a hearing for November 14, 1989. On the afternoon of November 13, the Novaks filed an amended plan. At the hearing, the United States Trustee (the "Trustee") and two secured creditors supported the motion to dismiss. On December 19, 1989, the bankruptcy court issued an opinion and entered an order dismissing the Novaks' petition. On April 10, 1990, the district court affirmed the order of the bankruptcy court, which the district court described as having dismissed the Novaks' petition "for failure to meet the statutory deadlines imposed by section 1221."
 
 
 7
 This appeal followed.
 
 Discussion
 
 8
 A. Amended Plans under Chapter 12.
 
 
 9
 As relevant here, chapter 12 works as follows. "The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that a court may extend such period if an extension is substantially justified." 11 U.S.C. Sec. 1221 (1988).[1] "After expedited notice, the court shall hold a hearing on confirmation of the plan.... Except for cause, the hearing shall be concluded not later than 45 days after the filing of the plan." Id. Sec. 1224. "The debtor may modify the plan at any time before confirmation...." Id. Sec. 1223(a).
 
 
 10
 Section 1208(c) provides for dismissal of a chapter 12 petition in the following pertinent terms:
 
 
 11
 On request of a party in interest, and after notice and a hearing, the court may dismiss a case under this chapter for cause, including--
 
 
 12
 (1) unreasonable delay, or gross mismanagement, by the debtor that is prejudicial to creditors; ...
 
 
 13
 (3) failure to file a plan timely under section 1221 of this title; ... [or]
 
 
 14
 (5) denial of confirmation of a plan under section 1225 of this title and denial of a request made for additional time for filing another plan or a modification of a plan....
 
 
 15
 11 U.S.C. Sec. 1208(c)(1), (3), and (5) (1988).
 
 
 16
 B. The Dismissal.
 
 
 17
 The periods for filing a plan, specified by section 1221, and for the bankruptcy court's confirmation hearing, specified by section 1224, expired in this case on April 14, 1989. The bankruptcy court did not regard that situation as precluding the filing of an amendment or modified plan; rather, it denied confirmation of the initial plan without prejudice to the filing of an amended plan. This approach appears consistent with section 1223(a), which allows a debtor "to modify the plan at any time before confirmation." It is also consistent with the case law that has addressed the issue. See In re Greseth, 78 B.R. 936, 944-45 (D.Minn.1987); In re Luchenbill, 112 B.R. 204, 218-19 (Bankr.E.D.Mich.1990); In re Bentson, 74 B.R. 56, 57-58 (Bankr.D.Minn.1987).
 
 
 18
 The order to show cause that brought on the hearing that resulted in the dismissal of the Novaks' petition specified subdivisions (1), (3), and (5) of section 1208(c) as bases for the dismissal of the Novaks' chapter 12 petition. The opinion directing that dismissal, however, did not articulate the precise statutory ground therefor. Rather, it stressed the prejudice to creditors resulting from the Novaks' delay in submitting a confirmable plan, and then dismissed because the Novaks had "failed to meet the statutory deadlines without explanation or excuse."
 
 
 19
 This conclusion is amply justified by, and falls squarely within the ambit of, section 1208(c)(1), which authorizes dismissal for "unreasonable delay ... by the debtor that is prejudicial to creditors." We affirm on this basis. The Novaks were warned by the court's August 3 order that their delay in filing an amended plan (105 days since authorization was granted) had become excessive. For seventy days thereafter, they neither filed a plan nor sought an extension. Even after being ordered to show cause on October 12, 1989 why their petition should not be dismissed, they made no submission justifying the delay. The bankruptcy court acted fully within its discretion in concluding, in view of the prejudice to creditors, that the conditions of section 1208(c)(1) had been met.
 
 
 20
 We note that, as the record of this case makes clear, it would be preferable practice for the bankruptcy court, when granting an extension of time to file a plan, to specify a precise time within which to file a new or modified plan. In determining whether to allow the filing of an amended plan, and if allowed, how long an extension to grant, the court should consider such factors as--
 
 
 21
 when the first Chapter 12 plan was filed, how comprehensive and complete the first plan was, the reasons for denial of confirmation of the first plan, the likelihood of successful confirmation of a new plan, and how long an extension is requested.
 
 
 22
 In re Bentson, 74 B.R. at 58. Accord, In re Greseth, 78 B.R. at 944-45; In re Luchenbill, 112 B.R. at 218-219; see In re Novak, 103 B.R. at 412-13 (discussing Bentson ).[2]
 
 
 23
 C. Sua Sponte Dismissal Under Section 1208(c).
 
 
 24
 Finally, the Novaks argue that the bankruptcy court dismissed this case sua sponte without a "request of a party in interest," as required by section 1208(c). They are incorrect. As the bankruptcy court noted in its opinion dismissing the case, "dismissal was urged by John and Barbara Klein and Frank A. Scappaticci, d/b/a Corporate Financing." There is no dispute that Scappaticci was a party in interest. Cf. 11 U.S.C. Sec. 1109(b) (1988) (specifying chapter 11 parties in interest).
 
 Conclusion
 
 25
 We confirm our prior affirmance of the order of the district court by our order entered May 15, 1991. We note that the Novaks have made two applications for stay relief pending our resolution of this appeal, which we deny as moot.
 
 
 
 *
 The Hon. Pierre N. Leval, Judge of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 Since 11 U.S.C. Sec. 301 (1988) provides that a voluntary case under any chapter of the bankruptcy code "is commenced by filing with the bankruptcy court of a petition under such chapter," and that the "commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter," the time period specified by section 1221 commences to run with the filing of a bankruptcy petition pursuant to chapter 12
 
 
 [2]
 We note that application of the Bentson factors in this case would clearly have justified the bankruptcy court in denying the Novaks an extension of time to file their amended plan at least as of August 1989, as the bankruptcy court explicitly stated in its August 1989 opinion vacating the statutory stay as to certain secured creditors of the Novaks. See In re Novak, 103 B.R. at 413. The first Bentson factor is the time of filing of the initial plan. The Novaks filed theirs on the last date possible. See id. at 411. The second factor is how comprehensive and complete the first plan was. The bankruptcy court found it to be "inadequate on its face." Id. at 413. The third factor is the reasons for denial of confirmation of the initial plan. The reasons here, that the plan was not feasible and provided nothing for unsecured creditors, see In re Novak, 102 B.R. at 23-25, were fundamental. The fourth factor is the likelihood of successful confirmation of a new plan. This was low, given the problems with the initial plan, the ongoing failure of NTA and Wildlife to secure confirmation of chapter 12 plans, and (see In re Novak, 103 B.R. at 413-14) the bankruptcy court's well founded reservations concerning the Novaks' good faith. The final factor is how long an extension of time was requested, or where, as in this case, no motion was made, how long after denial of initial confirmation the amended plan was filed. Since no amended filing was made until November 13, 1989, here that period was a full seven months