# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———————

No. 03-6076NI

———————

|  |  |  |
|---|---|---|
| In re: | * | |
| | * | |
| Vincent William Michels, | * | |
| a/k/a Vince Michels, | * | |
| d/b/a Vincent W. Michels, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Vincent William Michels, | * | |
| | * | Appeal from the United |
| Debtor - Appellant, | * | States Bankruptcy Court |
| | * | for the Northern District of |
| v. | * | Iowa |
| | * | |
| Maynard Savings Bank; | * | |
| Internal Revenue Service, | * | |
| | * | |
| Creditors - Appellees. | * | |
| | * | |

———————

Submitted: March 2, 2004
Filed: March 16, 2004

———————

Before KRESSEL, Chief Judge, DREHER and FEDERMAN, Bankruptcy Judges.

———————

DREHER, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court[1] dated September 19, 2003, which denied confirmation of Appellant's Chapter 12 plan and dismissed the case. For the reasons stated below, we affirm the decision of the bankruptcy court.

I.      FACTS AND PROCEDURAL HISTORY

This is the tale of two bankruptcy cases: the first, a Chapter 13 case filed on April 23, 2001, and dismissed on January 9, 2003, and the second, a Chapter 12 case, filed on February 5, 2003, and dismissed on September 19, 2003, by the order subject to this appeal. In his Chapter 13 case, Appellant, Vincent Michels, ("Debtor") filed his first Chapter 13 plan after obtaining an extension of time from the bankruptcy court to file a plan. Appellee Maynard Savings Bank ("MSB") filed an objection to confirmation of the plan. The Chapter 13 trustee ("trustee") also filed an objection to the plan and sought dismissal of the case. The Internal Revenue Service joined the trustee's objection and motion for dismissal. At the time of Debtor's filing, MSB held a security interest in Debtor's 200 acre farm, a business establishment called Shooky's Bar, and a blanket first lien on all farm equipment, crops, crop proceeds, and miscellaneous vehicles which served as collateral for an obligation with an outstanding balance of $193,531.40.

In response to these objections, Debtor amended his plan on July 30, 2001, and a day later amended his schedules. The creditors and the trustee renewed their objections. Subsequently, the bankruptcy court denied confirmation of the plan, but

[1] The Honorable Paul J. Kilburg, Chief Judge, United States Bankruptcy Court for the Northen District of Iowa.

allowed Debtor to further amend his plan. Debtor filed a second amended plan on September 17, 2001, to which the same creditors and the trustee objected. Debtor then filed "technical amendments" to the second amended plan on October 31, 2001.

Debtor's Chapter 13 plan provided, in part, that 1) if the bar was sold, MSB would be paid the first $100,000.00 of sales proceeds in return for the release of its mortgage and security interest in the contents of the bar and that monthly payments to MSB would then be reduced to reflect the payments; 2) Debtor would keep his vehicles and farm equipment and, if they were sold, MSB would release its lien in return for payment to it of one-half of the net proceeds; 3) the other one-half of the proceeds from the sale of the vehicles and from equipment would be used to fund the plan; 4) MSB would terminate its lien on Debtor's crops; and 5) Debtor would pay the remaining balance of MSB's claim in a balloon payment at the end of the 48 month plan.

The bankruptcy court did not find that the above plan provision, standing alone, would prevent confirmation, but on other grounds found the plan not confirmable. During the confirmation hearing of the second amended plan as further amended, however, a dispute arose concerning the timeliness of MSB's claim. The bankruptcy court held that, if MSB's claim were allowed, the second amended plan would not be feasible and the case would be dismissed. On the other hand, if an objection were filed to the late filed claim of MSB, the claim would be disallowed and the plan confirmed. Eventually, the bankruptcy court denied MSB's motion to allow it an informal proof of claim, disallowed MSB's claim and confirmed Debtor's plan. MSB appealed and we reversed, holding that MSB's claim was a timely filed

informal proof of claim. Since the bankruptcy court already concluded, and the parties agreed, that Debtor's plan could not be confirmed if the MSB claim was included, we also held that denial of confirmation of Debtor's plan was appropriate. *See* Maynard Savings Bank v. Michels (In re Michels), 286 B.R. 684, 693 (B.A.P. 8th Cir. 2002). On January 9, 2003, the bankruptcy court dismissed Debtor's Chapter 13 case.

Immediately on the heals of that dismissal, Debtor changed his tactics and on February 5, 2003, filed a case under Chapter 12 of the Bankruptcy Code. On April 7, 2004 he filed his Chapter 12 plan. Paragraph 3.04(g) of Debtor's Chapter 12 plan provided that "[c]onfirmation of this Chapter 12 Plan will terminate [MSB's] blanket lien on Chapter 12 Debtor Michels' farm machinery, equipment, crops, livestock, contract rights, general intangibles, proceeds and all other farm related collateral." Debtor's plan also provided for a balloon payment, but in 10 years, not 48 months as provided in his Chapter 13 plan. As with the Chapter 13 plan, MSB, the Internal Revenue Service and the trustee,[2] along with the Iowa Department of Revenue, all filed objections to confirmation. MSB's objection was essentially the same as it had been in the earlier Chapter 13 case: that the plan failed to provide for MSB retaining its lien, paid MSB an inadequate rate of interest, was not feasible and was not filed in good faith. The hearing on confirmation of the plan was originally scheduled for May 21, 2003, but was rescheduled to June 18, 2003.

---

[2] Carol F. Dunbar served as both Debtor's Chapter 13 trustee and Chapter 12 trustee.

4

On June 5, 2003, the bankruptcy court held a hearing on the use of cash collateral. It is apparent from the transcript of that hearing that the bankruptcy court's patience with Debtor was wearing thin. At the hearing the bankruptcy court made patently clear that Debtor would not be allowed a series of amendments or modifications to the plan, but left open the possibility that Debtor would be granted the opportunity to file an amended plan if circumstances warranted.

On June 18, 2003, a confirmation hearing was held. At that hearing the bankruptcy court denied confirmation of Debtor's plan, granted Debtor permission to file an amended Chapter 12 plan, but allowed him only 10 days to do so. On June 30, 2003, Debtor filed an amended plan, but he did not change the language contained in paragraph 3.04(g). The bankruptcy court set August 26, 2003, for the "final" confirmation hearing. The trustee did not object to confirmation of the amended plan. But, both MSB and the Internal Revenue Service renewed their objections. MSB also asked the court to dismiss the case if confirmation was denied. On July 24, 2003, Debtor filed another amendment, characterized by Debtor as an amendment to correct a "scrivener error."

A confirmation hearing was held on August 26, 2003, and on September 19, 2003, the bankruptcy court issued an order denying confirmation of Debtor's plan because the plan proposed to avoid the liens held by MSB on Debtor's farm machinery in violation of section 1225(a)(5)(B)(i) of the Bankruptcy Code, the plan failed to provide MSB with the present value of its secured claim as required by section 1225(a)(5)(B)(ii), and because the plan was not filed in good faith and was not feasible. *See* 11 U.S.C. §§ 1225(a)(3) and (6). The bankruptcy court also

dismissed the case pursuant to section 1208(c) for a variety of reasons including the fact that it had denied confirmation of debtor's plan and its view that failure to dismiss would invite "unreasonable delay" and "diminution of the estate" in the "absence of a reasonable likelihood of rehabilitation." In re Michels, 301 B.R. 9, 18 (Bankr. N.D. Ia. 2003); *see* 11 U.S.C. § 1208(c). Debtor filed a timely appeal. Since the appeal is from an order which both denied confirmation and dismissed the bankruptcy case, the appeal is from a final appealable order. *See* Pleasant Woods Ass'n. Ltd. P'ship v. Simmons First Nat'l Bank (In re Pleasant Woods Associates Ltd. Partnership), 2 F.3d 837, 838 (8th Cir. 1993).[3]

II.     ISSUES

Debtor contends that the bankruptcy court erred in denying confirmation of the plan, arguing that the plan was feasible, paid MSB's secured claim its present value and was filed in good faith. Debtor also contends that dismissal of the case was improper and that he should have the opportunity to again amend his plan. Debtor does not contend, however, that the bankruptcy court erred in finding that the plan failed to provide that MSB retain its liens.

III.    STANDARD OF REVIEW

In determining whether the bankruptcy court properly denied confirmation of Debtor's Chapter 12 plan, we review the court's legal conclusions *de novo* and

_____

[3] Debtor subsequently requested and obtained an order granting a stay pending appeal, subject to his making regular monthly payments to MSB.

6

factual findings under a clearly erroneous standard. <u>Harmon v. U.S. Through Farmers Home Admin.</u>, 101 F.3d 574, 583 (8th Cir. 1996). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573 (1985). The decision to dismiss a case for cause is within the sound discretion of the bankruptcy court. *See* <u>Brown v. I.R.S. (In re Brown)</u>, 82 F.3d 801, 806 (8th Cir. 1996); <u>Davis v. Case (In re Davis)</u>, 275 B.R. 864, 866 (B.A.P. 8th Cir. 2002), *aff'd* 55 Fed. Appx. 789 (8th Cir. 2003).

## III.  DISCUSSION

### A.  DENIAL OF CONFIRMATION

Debtor must establish all six elements contained in section 1225 of the Bankruptcy Code in order to have a plan confirmed. 11 U.S.C. § 1225; <u>In re Szudera</u>, 269 B.R. 837, 842 (Bankr. D.N.D. 2001). Although the bankruptcy court found Debtor's plan violated several elements of section 1225, we need only determine that one of these findings support the bankruptcy court's denial of confirmation and we need not address Debtor's remaining arguments in support of confirmation. *See* <u>Ames v. Sundance State Bank (In re Ames)</u>, 973 F.2d 849, 851 (10th Cir. 1992). Specifically, section 1225(a)(5)(B)(i) requires that a plan provide that the holder of an allowed secured claim "retain the lien securing such claim." 11

U.S.C. § 1225(a)(5)(B)(i);[4] *see also* <u>Abbott Bank-Thedford v. Hanna (In re Hanna)</u>, 912 F.2d  945, 951-52 (8th Cir. 1990).

Paragraph 3.04(g) of Debtor's Chapter 12 plan provided that "[c]onfirmation of this Chapter 12 Plan will terminate [MSB's] blanket lien on Chapter 12 Debtor Michels' farm machinery, equipment, crops, livestock, contract rights, general intangibles, proceeds and all other farm related collateral."  The bankruptcy court found that this provision violated section 1225(a)(5)(B)(i).  Debtor has not even argued that it does not.  Therefore, Debtor has conceded that the plan he proposed is not confirmable.  Accordingly, the bankruptcy court did not err in declining to confirm Debtor's amended Chapter 12 plan.  *See* <u>Hanna</u>, 912 F.2d at 952.

---

[4] with respect to each secured claim provided for by the plan-

> (A) the holder of such claim has accepted the plan;
> (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
> (ii) the value, as of the effective date of the plan, of property to be distributed by the trustee or the debtor under the plan on account of such claim is not
> less than the allowed amount of such claim; or
> (C) the debtor surrenders the property securing such claim to such holder....

11 U.S.C. § 1225(a)(5).

B.    DISMISSAL OF THE CASE

After the bankruptcy court denied confirmation of the plan it granted MSB's motion to dismiss the case. Debtor appeals the dismissal of the case as an abuse of discretion by the bankruptcy court. Debtor contends that he should have been granted additional time to modify his plan once again. The bankruptcy court found three reasons to dismiss the case

> for cause, including--(1) unreasonable delay... by the debtor that is prejudicial to creditors;... (5) denial of confirmation of a plan under section 1225 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;... and (9) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation.

Michels, 301 B.R. at 18 (citing 11 U.S.C. § 1208(c)). Since section 102(3) provides that the term "including" is not limiting, the list set forth at section 1208(c)(1)-(9) is non-exclusive. 11 U.S.C. §§ 102(3), 1208(c)(1)-(9); Barger v. Hayes County Non-Stock Co-Op (In re Barger), 233 B.R. 80, 84-5 (B.A.P. 8th Cir. 1999); In re Henson, 289 B.R. 741, 750-51 (Bankr. N.D. Cal. 2003). The decision to dismiss a case is within the sound discretion of the bankruptcy court. Brown, 82 F.3d at 806. And, we may affirm on any basis supported by the record. *See* Cooksey v. Delo, 94 F.3d 1214, 1218 (8th Cir. 1996).

At the June 5, 2003, hearing on cash collateral the bankruptcy court expressed in no uncertain terms that it would not tolerate a continual parade of plan modifications. While Debtor disagrees with the bankruptcy court's actual count of

9

the number of plans filed, Debtor filed no less than three plans in his Chapter 13 case and two in his Chapter12, not counting "technical" or "scrivener" amendments. The bankruptcy court also made it clear that failure of Debtor to expeditiously confirm a plan of reorganization would result in dismissal of the case, even going so far as to term the August 26, 2003, confirmation hearing as the "final" hearing on confirmation on the bankruptcy court's notice of hearing. By the bankruptcy court's actions in this case, Debtor should have known, and we can imply, that after denial of confirmation of Debtor's "final plan," any further attempt at modification would be denied.

In Bentson, the bankruptcy court considered the following types of factors in determining whether an extension of time to file a modified plan should be granted: "when the first chapter 12 plan was filed, how comprehensive and complete the first plan was, the reasons for denial of confirmation of the first plan, the likelihood of successful confirmation of a new plan, and how long an extension is requested." In re Bentson, 74 B.R. 56, 57-8 (Bankr. D. Minn. 1987); see also Novak v. DeRosa, 934 F.2d 401, 403 (2nd Cir. 1991). Considering that Debtor had been in bankruptcy for over two years and had unsuccessfully proposed at least five plans, and further considering the bankruptcy court's determination that Debtor had a sufficient opportunity to confirm a plan, but failed to do so, we find no abuse of discretion in dismissing the case. On the contrary, the bankruptcy court properly dismissed the case pursuant to section 1208(c)(5) which provides that denial of confirmation and "denial of a request made for additional time for filing another plan or modification of a plan" constitutes grounds for dismissal. 11 U.S.C. § 1208(c)(5).

ACCORDINGLY, we affirm the decision of the bankruptcy court.