**Robert BENSON, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

No. 84–2334.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1985.

Decided July 9, 1985.

Cathy Dean, Kansas City, Mo., for appellant.

Kelly Mescher, Asst. Atty. Gen., W.D. Mo., for appellee.

* The Hon. Roy W. Harper, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

Before ARNOLD and FAGG, Circuit Judges, and HARPER,* Senior District Judge.

ARNOLD, Circuit Judge.

Robert Benson was convicted in May 1976 in the Circuit Court of Jackson County, Missouri, of assault with intent to kill with malice aforethought. He was sentenced to life in prison, and his conviction was affirmed on direct appeal. *State v. Benson,* 574 S.W.2d 440 (Mo.App.1978). Benson filed a motion under Missouri Supreme Court Rule 27.26 in the Jackson County Circuit Court, seeking post-conviction relief, arguing that he was deprived of a jury drawn from a fair cross-section of the community because women were systematically excluded from jury panels at the time of his trial. The Court denied the motion on the ground that Benson had failed to preserve his claim by making a proper and timely objection at the trial, and this denial was affirmed on appeal. *Benson v. State,* 611 S.W.2d 538, 542 (Mo.App. 1980). Benson's claim that he was denied effective assistance of counsel was also rejected. The Missouri Court of Appeals held that the fair-cross-section claim would not have been considered a substantial defense reasonably essential to the case at the time of trial by a reasonably competent lawyer.

In 1981, Benson filed a habeas petition in federal court. The District Court in 1983 denied both his habeas petition and his subsequent, untimely request for a certificate of probable cause. Benson's untimely request to this Court for leave to appeal was also denied. Benson moved that the District Court vacate its denial of his habeas petition. The District Court denied the motion on January 24, 1984, and this Court denied his request for a certificate of probable cause on March 26, 1984.

Defendant later filed a new petition for writ of habeas corpus, and that petition is the subject of this appeal. He argued that

since the Missouri Court of Appeals held that the fair-cross-section argument could not be considered reasonably essential to the case at the time of trial, then the claim was a novel claim as defined in *Reed v. Ross*, —— U.S. ——, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), and that this novelty establishes "cause" for his not raising the claim properly, as required by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Therefore, he says, the federal courts should consider his petition on its merits.

The District Court treated this latest habeas petition as a Fed.R.Civ.P. 60(b) motion for relief from the original order denying habeas relief. A change in the law (claimed here to be embodied in the Supreme Court's *Reed v. Ross* opinion) can in appropriate circumstances be the basis for Rule 60(b) relief. The Court then denied the motion, reasoning that it had no jurisdiction because an appeal from its previous denial of habeas was pending in this Court. The District Court rested its decision completely on this perceived lack of power. It did not consider petitioner's argument that he had established "cause" for *Wainwright v. Sykes* purposes under the assertedly new "novel question" doctrine of *Reed v. Ross*.

We must vacate this judgment. In fact, though the District Court was unaware of it, we had completed action on Benson's appeal, by denying his application for certificate of probable cause, some months before the District Court's decision on his Rule 60(b) motion. The District Court therefore had jurisdiction to grant the motion, assuming its merit.

The State urges us to go beyond this jurisdictional point, address the applicability of *Reed v. Ross*, hold that Benson's fair-cross-section argument is not "novel" for present purposes, and order his habeas petition dismissed on the ground of his failure to preserve the federal claim properly in the state courts. But the effect of this disposition would be to dismiss the habeas petition with prejudice. Unlike a dismissal for failure to exhaust state remedies, a dismissal for procedural default in the state courts is an outright bar to further proceedings. The District Court's decision, being grounded on its own lack of jurisdiction because of the putative pendency of an appeal, was without prejudice. The State (or, more properly, the respondent custodian of Benson's body), as an appellee that has not filed a cross-appeal, may urge any ground that would result in an affirmance of the judgment below in its favor, but it may not obtain from us relief more extensive than it received in the District Court. See *Langnes v. Green*, 282 U.S. 531, 538–39, 51 S.Ct. 243, 246, 75 L.Ed. 520 (1931). We therefore leave the *Reed v. Ross* issue to the District Court on remand.

We are indebted to Benson's court-appointed counsel for her thorough and effective services on this appeal.

The judgment is vacated, and the cause remanded for further proceedings consistent with this opinion.

It is so ordered.