In re Mark John MCGOWAN, Debtor,

Mark John MCGOWAN,
Debtor—Appellant,

v.

Charles W. RIES, Trustee—Appellee.

BAP No. 98–6031MN.

United States Bankruptcy Appellate Panel
for the Eighth Circuit.

Submitted Sept. 1, 1998.

Decided Oct. 26, 1998.

James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern District of Arkansas, sitting by designation, filed opinion concurring in the result.

14

Thomas E. Johnson, Minneapolis, MN, for Appellant.

Kenneth R. White, Mankato, MN, for Appellee.

Before KOGER, Chief Judge, SCHERMER and MIXON,[1] Bankruptcy Judges.

KOGER, Chief Judge.

Mark John McGowan, the debtor, appeals from the portion of the bankruptcy court's[2] order entered on April 2, 1998, in which the court sustained the objection filed by Charles W. Ries, the Chapter 7 Trustee, to McGowan's claimed homestead exemption in real property. McGowan appeals, asserting that the Trustee's objection was untimely under Minnesota Local Bankruptcy Rule 2003–1 and that the bankruptcy court improperly used its equitable powers under 11 U.S.C. § 105(a) to consider the untimely objection. In support of affirmance, the Trustee argues that his objection was timely under Federal Rule of Bankruptcy Procedure 4003(b) and to the extent Minnesota Local Bankruptcy Rule 2003–1 conflicts with Federal Rule 4003(b), the local rule is unenforceable. Alternatively, the Trustee asserts that Minnesota Local Bankruptcy rule 2003–1 and Federal Rule 4003(b) should be interpreted together in a manner that is consistent with allowance of

1. The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern District of Arkansas, sitting by designation.

2. The Honorable Dennis D. O'Brien, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

the objection under Federal Rule 4003(b). McGowan responds that this Court may not consider the invalidity of Local Rule 2003–1 or otherwise consider possible errors in the bankruptcy court's interpretation of Local Rule 2003–1 and Federal Rule 4003(b) because the Trustee did not file a cross-appeal to preserve those issues. The Trustee urges that no cross-appeal is necessary and that this Court may affirm the bankruptcy court's order on any grounds, even on grounds rejected by the trial court. Finally, the Trustee contends that if this Court agrees that the objection was untimely, then the bankruptcy court was correct in employing its powers under 11 U.S.C. § 105 to entertain the objection. We affirm.

### Statement of Facts

On January 31, 1997, McGowan filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. McGowan filed all of his bankruptcy schedules and statements on that date. In his schedules, McGowan claimed a homestead exemption in the following described real estate: Lot 13, Block 1, East Abbott's Addition, Owatonna, Steele County, Minnesota.

On February 3, 1997, Michael Dietz was appointed interim trustee. The section 341 meeting of creditors was originally scheduled to be held on February 28, 1997. On February 21, 1997, Dietz determined that he had a conflict of interest and resigned as interim trustee. On that same date, Ries was appointed as successor, interim trustee. The section 341 meeting was then rescheduled for

April 11, 1997, and all parties were served with notice of the rescheduled meeting. Ries conducted and concluded the section 341 meeting on April 11, 1997.

On April 23, 1997, Ries filed an objection to McGowan's claimed homestead exemption. McGowan resisted, asserting that Ries' objection was untimely pursuant to Minnesota Local Bankruptcy Rule 2003–1 because Ries had not filed an objection within 30 days of the first scheduled meeting of creditors, nor taken other action to advise that the section 341 meeting did not conclude on the date originally scheduled. McGowan's argument derives from the language of Local Rule 2003–1, which states in relevant part that "for purposes of Bankruptcy Rule 4003(b), the meeting of creditors **shall be deemed concluded** on the first date set for such meeting, unless within 30 days after such date the trustee serves and files a verified statement that the meeting has not been concluded." Minn. Loc. Bankr.R.2003–1 [3] (emphasis added). Because Federal Rule of Bankruptcy Procedure 4003(b) requires a trustee or any creditor to file an objection to the debtor's claimed exemptions "within 30 **days after the conclusion** of the meeting of creditors held pursuant to Rule 2003(a)," Fed. R. Bankr.P. 4003(b) [4] (emphasis added), McGowan contends that Ries' April 23rd objection was untimely.

In an order entered on April 2, 1998, the bankruptcy court ruled that Ries' objection was untimely under Local Rule 2003–1 and Federal Rule 4003(b). However, the bankruptcy court determined sua sponte that it

---

**3.** Minnesota Local Bankruptcy Rule 2003–1 states:

> In a chapter 7, 12 or 13 case, for purposes of Bankruptcy Rule 4003(b), the meeting of creditors shall be deemed concluded on the first date set for such meeting, unless within 30 days after such date the trustee serves and files a verified statement that the meeting has not been concluded. The statement shall be served on the debtor, the attorney for the debtor, the United States Trustee, each entity that appeared at the meeting of creditors, and each entity that has filed a request for notice or notice of appearance under Bankruptcy Rules 2002(I) or 9010(b). If such statement is served and filed, and unless ordered otherwise, the meeting shall not be deemed concluded until the case is closed or a report is filed by the

trustee stating that the meeting has been concluded, whichever occurs first.
Minn. Loc. Bankr.R.2003–1.

**4.** Federal Rule of Bankruptcy Procedure 4003(b) states:

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and the attorney for such person.
Fed. R. Bankr.P. 4003(b).

would apply 11 U.S.C. § 105(a) [5] to consider Ries' untimely objection based upon evidence, learned during the intervening year, that McGowan had provided false testimony concerning his homestead property at the section 341 meeting of creditors. Specifically, McGowan testified that he occupied the property claimed exempt as his homestead, even though Ries subsequently demonstrated that McGowan did not occupy the property, but rather rented it to third parties. Based upon these facts, the bankruptcy court found that the debtor abandoned his homestead in the subject real property and granted Ries' objection to the claimed homestead exemption in its April 2, 1998, order.

### Bankruptcy Appellate Panel Jurisdiction

McGowan timely filed his notice of appeal with the Bankruptcy Appellate Panel on April 10, 1998, from the bankruptcy court's April 2, 1998, order granting Ries' objection to the homestead exemption. *See* Fed. R. Bankr.P. 8002(a). The " '[g]rant or denial of a claimed exemption is a final appealable order from a bankruptcy proceeding.' " *In re Brayshaw*, 912 F.2d 1255, 1256 (10th Cir.1990) (citation omitted). This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1), 28 U.S.C. § 158(b)(6) and 28 U.S.C. § 158(c).

### Issues Raised on Appeal

I. Whether Ries can raise the issue of the construction of Minnesota Local Bankruptcy Rule 2003–1 in comparison to Federal Rule of Bankruptcy Procedure 4003(b) even though he did not file a cross-appeal?

II. Whether Minnesota Local Bankruptcy Rule 2003–1 conflicts with Federal Rule of Bankruptcy Procedure 4003(b)?

III. Whether the bankruptcy court erred by invoking 11 U.S.C. § 105(a) as a means to consider Ries' objection to the homestead exemption?

**5.** Section 105(a) of the Bankruptcy Code provides:

  The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed

### Standard of Review on Appeal

Each issue involves questions of law over which this Court exercises de novo review. *See First Nat'l Bank v. Allen*, 118 F.3d 1289, 1294 (8th Cir.1997). Normally, a bankruptcy court's exertion of authority under section 105(a) is subject to an abuse of discretion standard of review. *See In re Yukon Energy Corp.*, 138 F.3d 1254, 1260 (8th Cir.1998). However, "[a] court abuses its discretion if it rests its conclusion on clearly erroneous factual findings or an incorrect legal standard." *In re Cossio*, 163 B.R. 150, 153 (9th Cir. BAP 1994), *aff'd*, 56 F.3d 70 (9th Cir.1995). The Eighth Circuit Court of Appeals has opined that:

> [W]hen we say that a decision is discretionary . . . we do not mean that the district court may do whatever pleases it. The phrase means instead that the court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.

*Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir.1984). Here, whether the bankruptcy court abused its discretion by applying 11 U.S.C. § 105(a) to extend the time period in Federal Rule 4003(b) depends upon whether the application of section 105(a) was allowed under the law.

### Discussion

I. Whether Ries can raise the issue of the construction of Minnesota Local Bankruptcy Rule 2003–1 in comparison to Federal Rule of Bankruptcy Procedure 4003(b) even though he did not file a cross-appeal?

As argued before the bankruptcy court, Ries asserts that Minnesota Local Bankruptcy Rule 2003–1 is invalid and unenforceable because it conflicts with Federal Rule of Bankruptcy Procedure 4003(b). As an alternative argument, Ries claims that

  to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

  11 U.S.C. § 105(a).

Minnesota Local Bankruptcy Rule 2003–1 is not in conflict with Federal Rule of Bankruptcy Procedure 4003(b) and is, therefore, valid, if the language of the Local Rule is construed to create only a rebuttable presumption that the section 341 meeting was concluded in the absence of a filed statement to the contrary. The bankruptcy court rejected both of Ries' arguments stating that:

Local Rule 2003–1 differs from the local rule invalidated in [In re] Falk, [96 B.R. 901 (Bankr.D.Minn.1989) (en banc)]. F.R.Bankr.P. 4003(b) provides that objections to exemptions must be filed "within 30 days after the conclusion of the meeting of creditors." Local Rule 2003–1 provides that "the meeting of creditors shall be **deemed** concluded on the first date set for such meeting" (emphasis added). The purpose of 2003–1 is to determine the date of the conclusion of the meeting of creditors absent the filing of a contrary affidavit by the trustee for purposes of application of F.R.Bankr.P. 4003(b). By "deeming" the meeting concluded, the local rule merely creates an irrebuttable presumption, in the absence of a contrary affidavit, as to the date the meeting is concluded; thereby precluding any argument as to the date the meeting was actually concluded. The local rule involved in Falk generally extended the time to object to discharge without any requisite finding of cause in each case, as explicitly required by F.R.Bankr.P. 9006(b)(3) and 4007(c).

The creation of an irrebuttable presumption setting a date for the conclusion of the meeting of creditors through Local Rule 2003–1 is not inconsistent with F.R.Bankr.P. 4003(b). By "deeming" the meeting concluded absent contrary affidavit, the period to object is not automatically shortened. If the period to object is shortened from the actual conclusion of the first meeting, as was the case here, it is due to the failure of the trustee to file the requisite affidavit; not due to passive application, or natural consequence of the Rule. Therefore, Local Rule 2003–1 is not inconsistent with F.R.Bankr.P. 4003(b).

Accordingly, the Trustee had 30 days from the date first set for the meeting of creditors to object to exemptions. The first date set was February 28, and the Trustee did not file his objection to the claimed exemption until April 23. Therefore, the objection was untimely under the rules.

McGowan contends that Ries is prohibited from raising before the Bankruptcy Appellate Panel any issues concerning whether Minnesota Local Bankruptcy Rule 2003–1 is or is not consistent with Federal Rule of Bankruptcy Procedure 4003(b) because Ries failed to file a cross-appeal from the bankruptcy court's order rejecting his arguments. However, we disagree with McGowan's assertion.

■■■ Whether Ries may raise arguments rejected below as grounds for affirmance of the bankruptcy court's decision appears to be well settled by the Eighth Circuit in favor of allowing such assertions. In Tiedeman v. Chicago, Milwaukee, St. Paul and Pac. R.R. Co., 513 F.2d 1267, 1272 (8th Cir.1975), the Eighth Circuit Court of Appeals explained that:

An appellee cannot attack a judgment either to enlarge his rights thereunder or to lessen the rights of his adversary unless he files a cross-appeal. Morley Construction Co. v. Maryland Casualty Co., 300 U.S. 185, 190–91, 57 S.Ct. 325, 81 L.Ed. 593 (1937); Hadfield v. Ryan Equipment Co., 456 F.2d 1218, 1222 (8th Cir.1972); see also Chicago, Burlington & Quincy Railroad Co. v. Ready Mixed Concrete Co., 487 F.2d 1263, 1268 (8th Cir.1973). However, an appellee may, without filing a cross-appeal, defend a judgment on any ground consistent with the record, even if rejected or ignored in the lower court. Jaffke v. Dunham, 352 U.S. 280, 77 S.Ct. 307, 1 L.Ed.2d 314 (1957); Dandridge v. Williams, 397 U.S. 471, 475 n. 6, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); 9 J. Moore & B. Ward, Federal Practice § 204.11(3) (2d Ed. 1973); see generally 87 Harv. L.Rev. 763 (1974). Here appellee does not attack the judgment in its favor rendered below. It merely asserts additional grounds for affirming the judgment.

"[A]n appellee that has not filed a cross-appeal, may urge any ground that would

result in an affirmance of the judgment below in its favor, but it may not obtain from us relief more extensive than it received in the District Court." *Benson v. Armontrout*, 767 F.2d 454, 455 (8th Cir.1985). "When a party seeks neither to modify nor alter a lower court decision 'but only to sustain it on grounds other than those relied on by the court below,' no obligation to cross-appeal exists." *Wycoff v. Menke*, 773 F.2d 983, 985 (8th Cir.1985), *cert. denied*, 475 U.S. 1028, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986) (citation omitted). An appellee "is entitled to offer alternative bases for upholding the judgment, provided there is record support for her arguments." *In re Toyota of Jefferson, Inc.*, 14 F.3d 1088, 1091 (5th Cir.1994). Further, "[i]t is now well established that . . . [an appellate] court has the 'power to affirm the judgment below on any ground supported by the record, whether or not raised or relied on in the District Court.'" *Wycoff*, 773 F.2d at 986 (citation omitted).

In *Morley Constr. Co. v. Maryland Casualty Co.*, 300 U.S. 185, 191–92, 57 S.Ct. 325, 328, 81 L.Ed. 593 (1937), which was cited as authority by the Eighth Circuit in the *Tiedeman* case, the United States Supreme Court opined:

> Without a cross-appeal, an appellee may 'urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.' *United States v. American Railway Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 564, 68 L.Ed. 1087. What he may not do in the absence of a cross-appeal is to 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below.' *Ibid.* . . . 'Where each party appeals each may assign error, but where only one par-

ty appeals the other is bound by the decree in the court below, and he cannot assign error in the appellate court, nor can he be heard if the proceedings in the appeal are correct, except in support of the decree from which the appeal of the other party is taken.' *The Maria Martin*, [12 Wall. 31, 20 L.Ed. 251].

McGowan argues that Ries is, in effect, seeking a significant expansion of the bankruptcy court's ruling through his arguments seeking reversal of the bankruptcy court's decision that Local Rule 2003–1 is consistent with Federal Rule 4003(b). If Ries is successful, McGowan contends this Court's opinion would then significantly reduce McGowan's rights under the April 2, 1998, order, and otherwise alter the rights of the parties under the original judgment. Specifically, McGowan argues that if this Court reverses the bankruptcy court's decision upholding Ries' challenge to the validity of Local Rule 2003–1 and finds that the objection to exemptions was timely, such a decision would undermine the bankruptcy court's ruling on Ries' unsuccessful objection to the personal property exemptions and provide Ries with grounds to once again attack the propriety of those claimed exemptions.[6] In short, McGowan contends that a determination from this Court that Local Rule 2003–1 is invalid will result in an appellate court expansion of the relief accorded to Ries by the bankruptcy court. McGowan asserts that such expansion is precisely the relief for which a cross-appeal is required.

The foregoing authorities make it clear that a bankruptcy court's rejection of an argument which was made by the appellee before that court in support of a favorable ruling on a particular issue, is separate and distinct from the court's ultimate judgment in favor of the appellee on the particular issue. The particular issue that Ries asks the Bankruptcy Appellate Panel to affirm in this case is the substance of the judgment sustaining his objection to McGowan's home-

---

**6.** Ries also filed objections to McGowan's claimed exemptions in personal property consisting of hockey equipment, ski equipment, a dog, paintings, a computer, a 1989 Dodge Colt, a 1989 Cadillac and a 1982 Wave Runner. However, the bankruptcy court overruled those objec-

tions on timeliness grounds, and because the court found that there was no evidence of fraud or false testimony in connection with the personal property exemptions, the court did not apply 11 U.S.C. § 105(a) to review the untimely objections.

stead exemption, even if that affirmance is based upon reasons rejected by the bankruptcy court. Here, because Ries merely urges the Court to affirm the bankruptcy court decision based upon arguments that the bankruptcy court rejected, he is not seeking a modification of the parties' rights. Under these circumstances, it was not necessary for Ries to file a cross-appeal to raise arguments concerning the construction of Local Rule 2003–1 and Federal Rule 4003(b) before this Court.[7]

II. Whether Minnesota Local Bankruptcy Rule 2003–1 conflicts with Federal Rule of Bankruptcy Procedure 4003(b)?

■■■ As a general rule of law, any local rule of bankruptcy procedure that conflicts with a federal rule of bankruptcy procedure is invalid and of no effect. *In re Falk*, 96 B.R. 901, 903 (Bankr.D.Minn.1989) (en banc). A local rule "may only be upheld if (a) it is consistent with the Bankruptcy Code in that it does not 'abridge, enlarge, or modify any substantive right,' as required by 28 U.S.C. § 2075 and (b) it is 'a matter of procedure not inconsistent with' the Bankruptcy Rules as required by Bankruptcy Rule 9029." *Id.* at 904. If a local rule fails either prong of the two-pronged test, it is invalid. *Id.* "Consistent is defined as 'coexisting and showing no noteworthy opposing, conflicting, inharmonious, or contradictory qualities or trends' or 'jointly assertable so as to be true or not contradictory.'" *Id.* at 905 (*quoting* Webster's third New International Dictionary 484 (1976)).

The bankruptcy court rejected Ries' arguments that Local Rule 2003–1 conflicted with Federal Rule 4003(b). While we agree that the two rules are not in conflict, we believe

that Local Rule 2003–1 could have been more carefully drafted. The language of the local rule suggests that a 341 meeting which has been set or scheduled but never held is "deemed concluded" on the date it is first set. Such a construction simply defies logic.

The following language in Local Rule 2003–1, which is absent in the bankruptcy court's quote of the local rule in its order, supports the contention that Local Rule 2003–1 was not meant to be applied until the meeting was actually held: "The [verified] statement [filed by the trustee] shall be served on the debtor, the attorney for the debtor, the United States Trustee, *each entity that appeared at the meeting of creditors,* and each entity that has filed a request for notice or notice of appearance under Bankruptcy Rules 2002(I) or 9010(b)." (Emphasis added.) The very language of Local Rule 2003–1 contemplates that a section 341 meeting of creditors will have been held before the trustee is required to file and serve the verified statement that the meeting has not been concluded.[8] If the section 341 meeting of creditors is actually held and the trustee fails to file and serve the verified statement within 30 days of the meeting, then the meeting will be deemed concluded at the end of such 30–day period. Federal Rule 4003(b) would then render untimely any objection to exemptions filed more than 30 days after that date, unless, within such time period, the court grants further time in which to file objections.[9]

As further support for the proposition that Local Rule 2003–1 contemplates that a section 341 meeting must actually be held before its terms apply, this Court observes that under Minnesota Local Bankruptcy Rule

---

**7.** Ries did not file a cross-appeal from that portion of the bankruptcy court's order in which the bankruptcy court overruled his objection to McGowan's claimed exemptions in certain items of personal property. That portion of the bankruptcy court's judgment has become final and unappealable. If Ries wished to attack the portion of the bankruptcy court's judgment concerning the particular issue of the personal property exemptions, he was required to file a cross-appeal.

**8.** Federal Rule of Bankruptcy Procedure 2003(e) anticipates that the section 341 meeting may

need to be continued to another date and provides that the "meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." Fed. R. Bankr.P.2003(c).

**9.** Federal Rule of Bankruptcy Procedure 9006(b)(3), which provides in pertinent part that the bankruptcy court may enlarge the time for taking action under Rule 4003(b) only to the extent and under the conditions stated in that rule, is implicated only after the time period in Rule 4003(b) is activated.

4003–1, upon request "the clerk shall ... issue a certificate regarding property claimed as exempt," which "shall conform substantially to Local Form 4003–1." Minn. Loc. Bankr.R. 4003–1(b)(1). Local Rule 4003–1 further states in relevant part that: "The clerk shall not issue a certificate less than 31 days after: 1) the first date set for the meeting of creditors." Minn. Loc. Bankr.R. 4003–1(b)(2)(i). In this case, the clerk did not issue a certificate of exempt property. Because the section 341 meeting was not actually conducted on February 28, 1997, it is logical that the certification of exempt property could not be issued within the 31 day period following the date originally scheduled for the meeting of creditors. As with the time for filing objections, there must be a meeting of creditors which is actually held for either of these local rules to have practical meaning. We hold that the phrase "the meeting of creditors shall be deemed concluded" in Minnesota Local Bankruptcy Rule 2003–1 logically imposes a deadline for objections to exemptions only where the meeting has actually occurred. In other situations, the language of that rule must yield to a construction that is consistent with Federal Rule 4003(b).

■ In reaching this decision, like the bankruptcy court, we reject Ries' incorrect assertion that the phrase "shall be deemed" in Local Rule 2003–1 creates only a rebuttable presumption that the section 341 meeting was concluded on the first date set for the meeting of creditors, which may be overcome by evidence to the contrary. It is well established in federal law that the language "deemed" or "shall be deemed" in a regulation or statute creates a conclusive presumption and not a rebuttable presumption. *See, e.g., Dameron v. Brodhead,* 345 U.S. 322, 326–27, 73 S.Ct. 721, 724, 97 L.Ed. 1041 (1953); *Municipal Resale Serv. Customers v. Federal Energy Regulatory Comm'n,* 43 F.3d 1046, 1053 (6th Cir.1995); *Ohio Power Co. v. Federal Energy Regulatory Comm'n,* 954 F.2d 779, 783 (D.C.Cir.), *cert. denied,* 506 U.S. 981, 113 S.Ct. 483, 121 L.Ed.2d 388 (1992); *Kohn v. Myers,* 266 F.2d 353, 357 (2d Cir.1959); *In re Autocue Sales & Distrib. Corp.,* 162 F.Supp. 17, 22 (S.D.N.Y.1958). Here, the phrase "shall be deemed" in Local

Rule 2003–1 does create a conclusive presumption that the section 341 meeting was concluded on the date on which the meeting was first set, but the presumption is reasonable and logical, if and only if, the meeting was actually conducted on that date.

■ Next, and lastly, we turn to whether the bankruptcy court erred by invoking 11 U.S.C. § 105(a). Initially, we observe that because Ries timely filed an objection within 30 days of the date that the section 341 meeting was actually held, the objection was timely filed. Thus, it was not necessary for the bankruptcy court to analyze whether it should apply 11 U.S.C. § 105(a) to extend the 30–day time period for objections under Federal Rule 4003(b). However, because it is well-settled in the Eighth Circuit that an appellate court "may 'affirm the district court's judgment on any grounds supported by the record,'" *Peanick v. Morris,* 96 F.3d 316, 321 (8th Cir.1996) (citation omitted), we affirm the decision of the bankruptcy court on the merits and hold that the court had the authority to consider Ries' objection to exemptions.

■ In *Employers Mut. Casualty Co. v. Hinshaw,* 309 F.2d 806, 809 n. 1 (8th Cir. 1962) (citation omitted)(emphasis added), the Eighth Circuit announced that: " '**An appellate court reviews judgments, not the reason which may be given in their support.** It is only common sense that if, on the record before us, we *determine that the judgment is* correct, it should be affirmed, regardless of the correctness of the reasons which may be given to support it.' " The "order of [the] bankruptcy court must be affirmed if the result is correct, even if the basis for the decision may have been incorrect." *Stage I Land Co. v. United States Housing and Urban Dev. Dep't,* 71 B.R. 225, 229 (D.Minn. 1986) (citation omitted). Accordingly, this Court affirms the bankruptcy court's ruling for the reason that Local Rule 2003–1 is consistent with Federal Rule 4003(b) when the local rule is practically and logically construed. Thus, Ries' objection was timely filed after the conclusion of the actually-conducted section 341 meeting.

■ Because this Court determines that the result reached by the bankruptcy court is correct, although for a different reason than the bankruptcy court, we find it unnecessary to address whether the bankruptcy court erred by invoking 11 U.S.C. § 105(a) to extend the 30–day time period set forth in Federal Rule 4003(b). Generally, a bankruptcy court should not use section 105(a) as a means to accomplish a desired end result unless absolutely necessary and where the law does not provide relief. However, this Panel believes that this case is not the appropriate vehicle by which to test the reach of section 105(a) as applied to the time period in Federal Rule 4003(b). Therefore, this Court will leave for discussion the issue of whether the 30–day time period in Federal Rule 4003(b) can be extended by 11 U.S.C. § 105(a) until an appeal is filed in a more appropriate case.

### Conclusion

Ries may raise the issue of the construction of Minnesota Local Bankruptcy Rule 2003–1 in comparison to Federal Rule of Bankruptcy Procedure 4003(b) even though he did not file any cross-appeal in this case. Minnesota Local Bankruptcy Rule 2003–1 does not conflict with Federal Rule of Bankruptcy Procedure 4003(b) and, therefore, is valid and enforceable. Because under Local Rule 2003–1 a meeting of creditors must actually be conducted before it can be concluded and then after the meeting is concluded the 30–day time period in Federal Rule 4003(b) begins to run, Ries' objection to McGowan's claimed homestead exemption that he filed within 30 days of the conclusion of the section 341 meeting was timely. Because Ries' objection was filed timely, it was not necessary for the bankruptcy court to invoke 11 U.S.C. § 105(a) to extend the 30–day time period for objections set forth in Federal Rule 4003(b).

The bankruptcy court's ruling is affirmed for the reason that Ries timely filed his objection to McGowan's claimed homestead exemption.

MIXON, Bankruptcy Judge, concurring.

I concur in the result reached by a majority of the panel and only disagree that Local Bankruptcy Rule 2003–1 of the Minnesota Bankruptcy Court is valid.

I agree with the majority that a local rule of bankruptcy procedure is valid "if it is consistent with the Bankruptcy Code in that it does not 'abridge, enlarge or modify any substantive right' as required by 28 U.S.C. § 2075 and ... it is 'a matter of procedure not inconsistent with' the Bankruptcy Rules as required by Bankruptcy Rule 9029." *Industrial Fin. Corp. v. Falk (In re Falk)*, 96 B.R. 901, 904 (Bankr.D.Minn.1989)(en banc).

In my view the local rule in question is inconsistent with the bankruptcy rules. Not only does a literal reading of the local rule lead to the absurd result that occurred in this case, it changes the procedure regarding "adjourned" 341(a) meetings. The Bankruptcy Rule provides that the 341(a) meeting "may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." Fed. R. Bankr.P.2003(e). In this context, to adjourn is to suspend a meeting to a later time and place.

The local rule is inconsistent with rule 2003(e) because it requires the filing of a verified written statement that the 341(a) meeting is not concluded, in other words, that the meeting is adjourned. Under the local rule, the failure to file the required affidavit creates an irrebuttable presumption that the meeting was concluded, not adjourned, even though Rule 2003(e) clearly states an oral announcement of adjournment suffices.

Furthermore, the majority rewrites the local rule in order to make sense of it. In my view, this mild form of judicial activism is unwarranted. The plain meaning of a local rule, like that of a statute, "should be conclusive except in the 'rare cases [in which] the literal application ... will produce a result demonstrably at odds with the intention of the drafters.'" *In re Continental Airlines, Inc.*, 932 F.2d 282, 287 (3d Cir.1991)(citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)(quoting *Griffin v. Oceanic Con-*

**22**

tractors, Inc., 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982))).

I am confident that the drafters of the local rule knew the distinction between calculating an event from the date of occurrence of the 341(a) meeting of creditors and the date first set for the 341(a) meeting because that distinction is expressed throughout the Bankruptcy Code and Rules. See, for example, Federal Rule of Bankruptcy Procedure 3002(c)(chapter 7, 12 and 13 proofs of claim must be filed within 90 days after the first date set for the 341(a) meeting); Federal Rule of Bankruptcy Procedure 3004 (Debtor or Trustee may file proof of claim where the creditor failed to do so on or before the first date set for the meeting of creditors); Federal Rule of Bankruptcy Procedure 4004(a)(objections to discharge must be filed no later than 60 days following the first date set for the meeting of creditors). See, also, 11 U.S.C. § 702(b)(at the 341(a) meeting, creditors may elect one person to serve as trustee); *In re de Kleinman*, 172 B.R. 764, 770 (Bankr.S.D.N.Y.1994)("when rule makers [want] to make that distinction [between the date first set for 341(a) meeting and the date of its conclusion] they have no trouble expressing it").

The Supreme Court has admonished that "where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.' " *United States v. Ron Pair Enter.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)(quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)). Here we are dealing with an incorrectly drafted local rule that is much more easily amended than an act of Congress. I would declare Minnesota Local Rule 2003–1 invalid because it is in direct conflict with applicable rules of bankruptcy procedure and because it makes no sense as written. I concur in all other parts of the majority opinion and in the ultimate result.