

Paul J. Sandelin, Gammello & Sandelin, P.A., Pequot Lakes, MN, for trustee.

Clayton D. Halunen, Talarico & Halunen, Minneapolis, MN, for debtor.

**In re Steven Allen MARSHALL, Debtor.**

**Bankruptcy No. 95–50588.**

United States Bankruptcy Court,
D. Minnesota.

Sept. 10, 1998.

### ORDER DISALLOWING EXEMPTION

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came on for hearing on the trustee's objection to the debtor's amended Schedule C, filed July 23, 1998. Paul J. Sandelin, the trustee, appeared *in propria persona*. Clayton D. Halunen filed a response for the debtor but did not appear.

This court has jurisdiction over the objection pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1070–1. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### BACKGROUND

The debtor filed his Chapter 7 case on October 10, 1995. He received his discharge on January 17, 1996, and the case was closed on February 28, 1996. The case was subsequently reopened on application of the United States Trustee because the debtor had failed to schedule his interest in a sexual harassment cause of action against The Original Cookie Company.

On October 21, 1996, the debtor filed an amended Schedule C including the harassment cause of action and claiming it exempt as a personal injury claim under Minn.Stat.

§ 550.37, Subd. 22. On December 24, 1996, the debtor filed another amended Schedule C in which he claimed all his exemptions under Minnesota law.

The trustee objected to the debtor's claim that his harassment claim was exempt as a personal injury claim under Minn.Stat. § 550.57, Subd. 22. In an order dated May 30, 1997, *In re Marshall*, 208 B.R. 690 (Bankr.D.Minn.1997), I agreed with the trustee and disallowed the debtor's claim of exemption. The trustee settled the harassment claim for $20,000.

On June 24, 1998, the trustee filed his final report and proposed distribution. On June 26, 1998, the Court mailed the notice of final report to the creditors and to the debtor. The deadline for objecting to the report was July 16, 1998. No objections were filed.

On July 23, 1998, one week after the deadline for objecting to the final report had expired, and more than one year after I had disallowed the debtor's claimed exemption for the sexual harassment cause of action, the debtor filed yet another amended Schedule C, this time claiming all his exemptions under the bankruptcy exemptions found in 11 U.S.C. § 522(d). The trustee objects to the amendments.

## DISCUSSION

The debtor puts all of his reliance on Fed. R.Bankr.P. 1009(a) which provides that a "voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." The rule clearly gives the debtor the absolute right to amend his schedules. Although the trustee cites a number of cases which purport to limit this right, I will assume, for purposes of this discussion, that the debtor can amend his Schedule C as of right. However, that argument misses the point. The issue is not whether the debtor can amend his schedule to *claim* his sexual discrimination cause of action as exempt under a different statute, but whether or not that claim of exemption will be successful.

Because the debtor's claim that the sexual harassment claim is exempt has already been litigated and decided by a final judgment,

principles of *res judicata* prohibit the debtor from relitigating the exemptibility of the cause of action, even if he can come up with a new theory. "Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Landscape Properties, Inc. v. Whisenhunt*, 127 F.3d 678, 682 (8th Cir.1997); citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). "The final 'judgment puts an end to the cause of action which cannot again be brought into litigation between the parties upon any ground whatsoever.' " *Id.* at 682–83.

This is no different than the standard application of *res judicata* to the ordinary civil litigation in district court. A plaintiff, who brings a cause of action against a defendant based on a particular occurrence or transaction and loses, cannot later bring another claim under a different theory based on the same transaction or occurrence.

> The law of res judicata, or "claim preclusion," is well established: a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.

*Kapp v. Naturelle, Inc. (In re Kapp)*, 611 F.2d 703, 707 (8th Cir.1979) (citations omitted). Once the exemptibility of the sexual harassment claim was put at issue, it was incumbent upon the debtor to raise all grounds that were available to him in support of his claim that the cause of action was exempt. Not having done so, he cannot relitigate the same claim again.

> Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

*Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 378, 60 S.Ct. 317, 84 L.Ed. 329 (1940), accord, *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767.

## CONCLUSION

Because the debtor's right to this exemption was litigated and determined against the

debtor already, the debtor may not relitigate the issue based on a different statute.

THEREFORE, IT IS ORDERED: The following property of the debtor is not exempt: The personal injury claim (*Steven Marshall v. The Original Cookie Co.,* Case No. C5–96–21).