In re Joseph E. **WALLS** and Wendy L. Walls, Debtors.

**Bankruptcy No. 99–30710.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

June 8, 2000.

ORDER SUSTAINING TRUSTEE'S OB-
JECTION TO DEBTORS' AMEND-
ED CLAIM OF EXEMPTION

GREGORY F. KISHEL, Bankruptcy
Judge.

This Chapter 7 case came on before the Court for hearing on the Trustee's objection to the Debtors' claim of exemption in an interest in a Roth Individual Retirement Account. Trustee Michael J. Iannacone appeared as objector. The Debtors appeared by their attorney, Michael G. Hamilton. Upon the objection, the Debt-

ors' response, and the arguments of counsel, the Court makes the following order.

## PROCEDURAL BACKGROUND

The Debtors filed a voluntary petition for relief under Chapter 7 on February 12, 1999. At Item 11 ("Interest in IRA, ERISA, KEOGH, or other pension or profit sharing plans") of their Schedule B, they noted an asset that they described as "Roth individual retirement account, C/O Scott Carlson, NIS Financial Services ..." They identified this asset as the property of Wendy Lee Walls, and assigned a "Current Market Value" of $17,800.00 to it. In their original Schedule C, the Debtors elected the exemptions available under 11 U.S.C. § 522(d), and claimed an exemption for the full value of the Roth IRA under 11 U.S.C. § 522(d)(10)(E).

On April 6, 1999, the Trustee filed an objection to the Debtors' claims of exemption in the Roth IRA and in several other categories of assets. The Trustee's theory was that the Roth IRA was not properly claimed as exempt under 11 U.S.C. § 522(d)(10)(E)[1]; with the Roth IRA categorized under the "pourover" provision of 11 U.S.C. § 522(d)(5), the only other federal-law exemption applicable to it, the Debtors exceeded the dollar-limit under that statute by nearly $11,000.00.

At the May 10, 1999 hearing on the Trustee's objection, the Debtors' counsel defended the objection on its merits. In the alternative, he requested "leave of the Court to amend [the Debtors's] exemption claims from federal to state law, and to make their exemption claims under MINN. STAT. § 550.37, as being more beneficial to

---

1. This statute allows a debtor to exempt from the bankruptcy estate

    (E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

    (i) such plan or contract was established by or under the auspices of an insider that

employed the debtor at the time the debtor's rights under such plan or contract arose;

    (ii) such payment is on account of age or length of service; and

    (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

debtors." He attached a proposed amended Schedule C to his written response.

The Court sustained the Trustee's objection on its merits and ordered the Debtors to turn over the non-exempt value to the Trustee. A form of order submitted by the Trustee was entered on May 28, 1999. As the Court had directed, and to respond to the Debtors' request for leave to amend their Schedule C, Term 3 of the order provided:

> Paragraphs 1 and 2 are without prejudice to the debtors' right to amend their schedules under Bankruptcy Rule 1009 and Trustee's right to argue against the debtors' rights to amend the schedules. Either the debtors or the trustee may assert any and all claims or theories available to them.

On May 28, 1999, the Debtors served and filed an amended Schedule C. In it, they changed their claim of governing exemption law to that available under Minnesota statute. Now stating a value for the Roth IRA in the sum of $16,800.00, they claimed the interest in it as exempt under color of MINN. STAT. § 550.37, subd. 24(a)(2).

The Trustee timely filed an objection to this amended claim of exemption on June 28, 1999. After the hearing on it was continued, it is now before the Court.

## DISCUSSION

■ The Trustee argues that the doctrine of *res judicata*, or claim preclusion, bars the Debtors from asserting a new legal theory to take the Roth IRA out of the estate; hence, as he would have it, the amended exemption under federal law should be disallowed. The Debtors argue that Term 3 of the May 28, 1999 order clearly contemplated their right to make the amendment and that that lays the Trustee's objection to rest.

■ Simply stated, the Debtors are wrong. The whole point of Term 3 was that the Debtors did not need leave of court to perform the physical act of amending their Schedule C, and serving and filing it pursuant to the local rules. FED. R. BANKR. P. 1009(a) gave them an absolute right to do that.[2] *In re Marshall,* 224 B.R. 399, 400 (Bankr.D.Minn.1998). A motion for leave to amend was unnecessary insofar as the ministerial acts were concerned.

Term 3 does not purport to bar the Debtors from exercising this right to perform the simple act of executing and filing an amendment. On the other hand, it does not purport to allow the ministerial acts, and it certainly does not hold that the performance of them would have binding substantive consequences in this case.[3] The balance of the term clearly notes that the Court was not passing on the merits of any of these points. They were to be left for decision in the context of an objection under FED. R. BANKR. P. 4003(b), when any party could "assert any and all claims or theories available" to it as an opponent or proponent of the amendment.

The merits of the Trustee's argument, then, are before the Court. On them, the objection must be sustained; the adverse ruling on the Debtors' prior claim of exemption does indeed preclude them from raising a different substantive basis to exempt the same asset.

■ The reason goes down to the basic function of exemptions in a bankruptcy case. In making their original claim of exemption, the Debtors sought to remove Wendy Walls's interest in the Roth IRA from the bankruptcy estate. A debtor's assertion of a legal right to an exemption, as a basis for taking an asset out of the

---

2. In pertinent part, the rule provides:
   A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed.

3. In a very real sense, these issues were not even ripe when the order was entered on May 28, 1999.

bankruptcy estate pursuant to 11 U.S.C. § 522(b), is a "claim," for the application of the preclusion doctrine of *res judicata*. *See Lane v. Peterson*, 899 F.2d 737, 743 (8th Cir.1990) (citing RESTATEMENT 2D OF JUDGMENTS § 24, comment a at 197 (1980)) (under modern rule of *res judicata*, "claim" is seen in factual terms, bounded by the nucleus of operative facts out of which it arises, and viewed as conterminous with transaction that is subject of the litigation; separate claims do not exist merely because different substantive legal theories can be applied, different forms of relief may be available, different legal rights may have been invaded in the transaction, or different evidence might be required to make out the several legal theories). *See, in general, In re Hewitt*, BKY 97–33854, Order Sustaining Objection to Exemptions at 2–4 (March 4, 1999) (available at www. mnb.uscourts. gov under "Judges' Opinions," "Chief Judge Dennis D. O'Brien").

Thus, once the Trustee in this case objected to the legal qualification of the Roth IRA under 11 U.S.C. § 522(d), the basic exemptibility of the IRA was a "claim" for the purposes of *res judicata. In re Marshall*, 224 B.R. at 400. It was the Debtors' burden to raise all grounds available to them in defense of the Trustee's original objection, to establish their final legal entitlement to keep the IRA, at that time and in that procedural context. *In re Marshall*, Order at 5. The Debtors' request for leave to amend did not do this, and it did not preserve their option to do this. At that time they were not asserting the availability of an exemption under Minnesota law square-on against the Trustee's objection; they were only requesting an opportunity to do so *if* the Court held for the Trustee on the issue of federal law raised by his objection. Having not advanced an available alternative theory of exemption in the earlier proceeding, or at any time before that proceeding was finalized by an adjudication on the merits, the Debtors are precluded from doing so now.

**ORDER**

Upon the decision just recited,

IT IS HEREBY ORDERED AND DETERMINED:

1. The Trustee's objection to the claim of exemption that the Debtors made to an asset described as "Roth individual retirement account, C/O Scott Carlson, NIS. Financial Services" under color of MINN. STAT. § 550.37, subd. 24(a)(2), is sustained.

2. The asset described in Term 1 is not exempt from the estate in this case.

3. The Debtors shall immediately surrender the asset described in Term 1 to the Trustee and shall comply with their duty under 11 U.S.C. §§ 521(3)-(4) by cooperating in all respects with his collection and liquidation of that asset.