# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 04-6027EM
_____

In re:                                    *
                                          *
Melissa Lynn Ardrey                       *
                                          *
        Debtor.                           *
                                          *
                                          *
Melissa Lynn Ardrey                       *
                                          *   Appeal from the United States
        Debtor - Appellant,               *   Bankruptcy Court for the Eastern
                                          *   District of Missouri
        v.                                *
                                          *
Robert J. Blackwell                       *
                                          *
        Trustee - Appellee.               *


_____

Submitted: September 29, 2004
Filed: November 1, 2004
_____

Before KRESSEL, Chief Judge, MAHONEY, and VENTERS, Bankruptcy Judges.
_____

VENTERS, Bankruptcy Judge.


1

This is an appeal from an order of the bankruptcy court entered on May 25, 2004, sustaining the objection of Robert J. Blackwell, chapter 7 trustee ("Trustee"), to Debtor Melissa Lynn Ardrey's amended claim of exemption in a tax refund.[1] For the reasons stated below, we reverse and remand.

## I. STANDARD OF REVIEW

"Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. Findings of fact are reviewed for clear error, and legal conclusions are reviewed *de novo*. *Waterman v. Ditto* (*In re Waterman*), 248 B.R. 567, 570 (B.A.P. 8th Cir. 2000). A bankruptcy court's denial of a claim of exemption is a final, appealable order. *In re McGowan*, 226 B.R. 13, 16 (B.A.P. 8th Cir. 1998).

## II. BACKGROUND

Melissa Lynn Ardrey ("Debtor") filed for protection under chapter 7 of the bankruptcy code on December 31, 2002. On her original bankruptcy "Schedule C" under the column labeled, "Value of Claimed Exemption," for the property described as "Clothing, personal effects, household furnishings, cash and all salary due as of filing, tax refunds," the Debtor listed $1,000.00 as exempt under Mo. Rev. Stat.

---

[1] The Debtor's notice of appeal stated that she was appealing the bankruptcy court's order denying her leave to amend her claims of exemption, but a review of the record shows that no such order exists. The substance of both parties' pleadings addresses the bankruptcy court's May 25, 2004 order sustaining the Trustee's objection to the Debtor's amended claim. In the interests of justice and judicial efficiency, we will address the substance of the appeal as presented in the briefs.

2

§ 413.430(1); $400.00 as exempt under § 513.430(3); and $1,100.00 as exempt under §513.440. Handwritten notes in the "Description of Property" column appear to allocate $500.00 of the exemption for "cash and salary due as of filing" and $1,000.00 for "tax refunds."

At some time after the petition date, the Debtor received tax refunds in excess of her scheduled exemptions, and on May 14, 2003, the Trustee filed an adversary proceeding against the Debtor seeking turnover of $3,042.00,[2] representing the balance in the Debtor's checking account (in which the tax refunds had been deposited) after allowance for the scheduled exemptions. The Debtor argued that those funds were exempt under Mo. Rev. Stat. § 513.427, but on March 10, 2004, the bankruptcy court entered summary judgment in the adversary proceeding in favor of the Trustee on the grounds that the Debtor's Schedule C did not contain a claim of exemption based on that provision. The Debtor then amended her schedules three days later, on March 13, 2004, to claim an exemption in the tax refunds under § 513.427. The Trustee filed an objection to the Debtor's amended claim of exemption on March 18, 2004.

On April 21, 2004, the bankruptcy court held a hearing on the Trustee's objection and, in an oral ruling from the bench, sustained the Trustee's objection on the grounds that the Trustee's earlier procurement of an order for turnover constituted "substantial administration" of the tax refunds and that allowing the amended claim at that juncture would be "unduly prejudicial to the creditors." (Transcript of April 21, 2004 Hearing at 8). The bankruptcy court entered a written order on May 24, 2004, memorializing its findings. Both the bankruptcy court's oral and written rulings included a specific holding that the Debtor was being allowed to amend her

_____

[2] According to the briefs and statements of counsel at oral argument, the actual amount at issue is $3,031.00.

exemptions and that it was only the amended exemption which was being denied. (*Id.* at 7; May 25, 2004 Order at 3).

Between the time the bankruptcy court made its oral ruling and entered the written order, the Debtor filed a notice of appeal in the adversary proceeding. The substance of the appeal, however, addressed the bankruptcy court's oral ruling in the main case sustaining the Trustee's objection to the Debtor's amended claim of exemption in the tax refunds. That is the issue we rule upon here.

### III. DISCUSSION

After allowing the Debtor to amend her claim of exemption pursuant to Federal Rule of Bankruptcy Procedure 1009, the bankruptcy court sustained the Trustee's objection to the Debtor's amended claim of exemption in tax refunds on the grounds that the Trustee had "substantially administered" them by obtaining an order of turnover and that allowing the amended claim at that juncture would unduly prejudice creditors.

Although we have some concern whether "substantial administration" is a valid basis to deny an amended claim,[3] we do not need to reach that issue because we hold that the bankruptcy court committed clear factual error when it found that the tax refunds were substantially administered. The only fact the bankruptcy court cited in

---

[3] Some courts draw a distinction between denying a debtor leave to amend on the basis of bad faith or prejudice to creditors and denying an amended claim on the merits. *See, e.g., In re Arnold*, 252 B.R. 778, 783 (B.A.P. 9th Cir. 2000) (distinguishing between an objection to the allowance of an amended exemption and the merits of the amended exemption). And there may be some merit to this distinction because granting a debtor leave to amend may actually preclude a finding that the amended exemption is prejudicial to the estate inasmuch as the granting of leave to amend a claim of exemption implies that the amendment is not prejudicial to creditors.

support of its finding that the Trustee had substantially administered the tax refunds was the Trustee's procurement of the turnover order. That fact alone is not enough to support a finding that the asset had been substantially administered, especially since the Trustee, by his own admission, did not have possession of the tax refunds on the date of the hearing before the bankruptcy court.[4] (Appellant's Opening Brief at 4)

The bankruptcy court also opined that, if allowed, the amended exemption would be prejudicial to creditors because it would deprive creditors of "assets that would otherwise be available for distribution on allowed claims." That is always true of exemptions, original or amended. There is nothing in the record showing that the amendment would cause any greater prejudice to third parties than that normally associated with a claim of exemption. *See In re Arnold*, 252 B.R. at 785 ("Merely showing prejudice is not enough: the court must balance the prejudice to the debtor of disallowing the exemption against the prejudice to third parties in allowing the exemption.") (quoting *In re Brown*, 56 B.R. 954, 958 n. 11 (Bankr. E.D. Mich. 1986)).

Therefore, for the reasons discussed above, we reverse the order of the bankruptcy court sustaining the Trustee's objection to the Debtor's amended objection and remand for a ruling on the merits of the Debtor's amended objection.

---

[4] Counsel for both parties acknowledged in oral argument that the funds were turned over to the Trustee after the briefs were filed in this appeal.